IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS CARTER ANDERSON,

        Plaintiff,                     No. CIV S-05-1035 LKK KJM P

    vs.

MENDOZA, et al.,                  ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Mendoza has filed a motion asking that this matter be dismissed due to plaintiff's failure to exhaust administrative remedies with respect to his claims prior to filing suit.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal. Id.

/////

1

1    The Prison Litigation Reform Act provides that "[n]o action shall be brought with
2 respect to prison conditions under section 1983 of this title, . . . until such administrative
3 remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  California prison regulations
4 provide administrative procedures in the form of one informal and three formal levels of review
5 to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative
6 procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"
7 or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All
8 steps must be completed before a civil rights action is filed; exhaustion during the pendency of
9 the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200
10 (9th Cir. 2002).  Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt, 315
11 F.3d at 1119.  Once defendants satisfy their burden, which can be accomplished by pointing to
12 the absence of any record of a plaintiff's attempting to exhaust, the burden shifts to plaintiff to in
13 fact demonstrate exhaustion.

14    In his complaint, plaintiff claims that on September 18, 2004, defendant Mendoza
15 failed to obtain medical treatment for plaintiff in retaliation for plaintiff's filing a lawsuit against
16 Mendoza.  Am. Compl. at 5-6, ¶¶ 1-17.  In his motion, defendant Mendoza presents the affidavit
17 of the Appeals Coordinator at plaintiff's place of incarceration, verifying that there is no record
18 of plaintiff's grieving his concerns through the initial steps of the established procedures.  Def't's
19 Mot. To Dismiss, Decl. Of M. Cry.  Defendant also presents the affidavit of the Chief of the
20 Inmate Appeals Branch, who represents there is no record of plaintiff having exhausted any
21 grievance related to the claims in the complaint through the Director's Level.  Id., Decl. Of N.
22 Grannis.

23    In his opposition to defendant Mendoza's motion, which is verified, plaintiff
24 asserts that he submitted a grievance concerning the facts supporting his claims to M. Cry, and
25 that the grievance was returned to plaintiff without comment.  Opp'n at 3; see also Am. Compl.
26 at 8, ¶¶ 32-33.  Plaintiff's "grievance" is attached as Exhibit A to his opposition.  The grievance

as thus provided is a type-written narrative, not completed on any form, and not bearing any dates or "date received" stamps. Plaintiff says he submitted a follow-up letter to Cry on October 26, 2004, and attaches at least a portion of what was submitted. Opp'n, Ex. B. This letter, he says, also was returned to plaintiff. Id. at 3. Thereafter, plaintiff avers he submitted his "grievance" to the Director's Level, id., but he does not attach a copy of what he says he submitted at this level, and he does not indicate what kind of response, if any, he received from the Director. Plaintiff does, however, attach copies of other documents he suggests demonstrate exhaustion of additional avenues available outside the prison grievance procedure. Id., Exs. C-F (letters to plaintiff confirming receipt of complaints from California Medical Board, Office of Inspector General, Victim Compensation and Government Claims Board, Solano County Grand Jury). Plaintiff's opposition, when viewed in its entirety, does not provide a basis for this court to find that plaintiff in fact exhausted the prison grievance process as available to him through the Director's Level.

        Defendant Mendoza having met his burden, and plaintiff having failed to overcome the burden shifted to him, this court will recommend that the motion to dismiss be granted, and that this action be dismissed for plaintiff's failure to properly exhaust administrative remedies prior to filing suit.

        On August 23, 2007, plaintiff asked that this matter be stayed in light of plaintiff's health problems. In light of the foregoing, and because denial of a stay will not prejudice plaintiff at this point, that request will be denied.

        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's August 23, 2007 "request for a time-extension" is denied.

        IT IS HEREBY RECOMMENDED that:

        1. Defendant Mendoza's May 2, 2007 motion to dismiss be granted; and

        2. This action be dismissed.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: February 1, 2008.

_____
U.S. MAGISTRATE JUDGE

1

ande1035.57